Kenneth J. THOMAS, Plaintiff,

v.

iSTAR FINANCIAL, INC. and Ed Baron, Defendants.

No. 05 Civ. 606(VM).

United States District Court, S.D. New York.

Nov. 20, 2007.

David T. Azrin, Gallet, Dreyer & Berkey, LLP, New York, NY, for Plaintiff.

Alan Jonathan Trafimow, David O. Simon, Steven M. Latino, Barry A. Guryan, Robyn Kim Ruderman, Epstein, Becker & Green, P.C., New York, NY, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

## I. BACKGROUND

Plaintiff Kenneth J. Thomas ("Thomas") brought this action against his former employer, iStar Financial, Inc. ("iStar") and iStar's Vice President of Administration and Operations, Ed Baron ("Baron")(collectively, "Defendants"), alleging unlawful race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. and the New York City Human Rights Law. Following a trial lasting approximately three weeks, the jury returned a verdict in favor of Thomas on his claim of retaliatory termination, and found for Defendants on his claim of discriminatory termination. The jury awarded Thomas compensatory damages in the amount of $190,000 for back pay, $250,000 for front pay, and $3,500 for non-economic injuries. Additionally, the jury found that iStar should pay Thomas $1.6 million and Baron $22,5000 in punitive damages.

By Decision and Order dated July 7,

2007 (the "Order")[1], the Court granted the motion of Defendants for a new trial pursuant to Federal Rule of Civil Procedure 59(a) unless Thomas elected to remit the front pay award to $85,950 and punitive damages award to $190,000, The Court determined that the jury awards were excessive under applicable standards and directed entry of a Preliminary Judgment on July 11, 2007, indicating the amounts of remittitur the Court deemed sustainable by law.

On November 16, 2007, Thomas and Defendants sent a joint submission (the "Joint Submission") requesting that the Court reduce, as a matter of law, Thomas's award of punitive damages to $190,000 without the option of a new trial, and stating that Thomas would accept the Court's remittitur of the front pay award.[2] (See Joint Br. in Supp. of the Parties' Position that the Court has Authority to Reduce, as a Matter of Law, the Award of Punitive Damages, without Giving the Pl. the Option of a New Trial, dated November 16, 2007.) For the reasons set forth below, the request of Thomas and Defendants set forth in their Joint Submission is GRANTED. Accordingly, the jury's award of punitive damages against iStar is reduced to $190,000, and the compensatory damages award of front pay is reduced to $85,950.

## II. DISCUSSION

### A. LEGAL STANDARD

▆▆▆ The Seventh Amendment prohibits re-examination of a jury's determination of facts. See U.S. Const., Amend. VII ("[T]he right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."). However, "[u]nlike the measure of actual damages suffered, which presents a question of historical or predictive fact ... the level of punitive damages is not really a 'fact' 'tried' by the jury." Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 437, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001) (citations omitted). Since a jury's award of punitive damages does not constitute a finding of "fact," the Seventh Amendment is not implicated, see id., and therefore, the Court may reduce a punitive damage award that is unconstitutionally excessive. See e.g., Mathie v. Fries, 121 F.3d 808 (2d Cir.1997) (reducing punitive damage of $500,000 to $200,000 without giving plaintiff the option of a new trial); see also Bisbal–Ramos v. City of Mayaguez, 467 F.3d 16, 23 (1st Cir.2006) ("[A] court may reduce an excessive award of punitive damages without giving the plaintiff the option of a new trial."); Corpus v. Bennett, 430 F.3d 912, 917 (8th Cir.2005) ("[Plaintiff's] Seventh Amendment right to a jury trial was not implicated, and the district court was not required to offer [Plaintiff] the option of a new trial on damages if he did not consent to the reduced damages award."); Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1332–33 (11th Cir.1999) (The Seventh Amendment's "reexamination clause did not prohibit the district court from entering judgments for the amount of punitive damages it found to be constitutionally permitted without affording property owners an opportunity to elect a new trial.");

---

1. The Order is reported as Thomas v. iStar, 508 F.Supp.2d 252, No. 05 Civ 0606, 2007 WL 2701270 (S.D.N.Y. September 7, 2007).

2. In the Joint Submission, as well as in the letter by Thomas to the Court dated October 24, 2007, Thomas stated that he would accept the Court's remittitur of the front pay award, provided that the Court enter judgment reducing the award of punitive damages without the option of a new trial.

cf. *Parrish v. Sollecito,* 280 F.Supp.2d 145, 163–64 (S.D.N.Y.2003); *but see Fabri v. United Tech. Intern., Inc.,* 387 F.3d 109, 125 (2d Cir.2004) (finding that under the facts of the case before the Circuit Court, the application of the factors enunciated by the Supreme Court in *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), would require a new trial unless plaintiff agreed to a reduction of punitive damages).

## B. *APPLICATION*

■ In this case, while the Court sustained the jury's determination that punitive damages were warranted against both iStar and Baron, the Court determined that, under the guideposts the Supreme Court articulated in *Gore,* 517 U.S. at 575, 116 S.Ct. 1589, the punitive damage award of $1.6 million against iStar was unconstitutionally excessive. *See Thomas,* 508 F.Supp.2d at 262. After reviewing the facts and the totality of circumstances, the Court determined that a punitive damages award of $190,000 against iStar would be permissible. In the Court's view, that amount reflected both the relationship to the compensatory award of back pay, and the Title VII statutory caps as a general reference providing guidance of permissible awards in certain situations, and thus " 'would be maximally sufficient to serve the retributive and deterrent purposes of civil penalties without violating due process principles.' " *Id.* at 264 (*quoting TVT Records v. Island Def Jam Music Group,* 279 F.Supp.2d 413, 461 (S.D.N.Y.2003)). Accordingly, the punitive damage award against iStar in this action is reduced to $190,000, without the option of a new trial.

## III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that in accordance with the joint submission (the "Joint Submission") dated November 16, 2007 submitted to the Court by plaintiff Kenneth J. Thomas ("Thomas") and defendants iStar Financial, Inc. ("iStar") and Ed Baron ("Baron") requesting that the Court reduce the punitive damages award against iStar without giving Thomas the option of a new trial is GRANTED; it is further

**ORDERED** that the punitive damages award against iStar be reduced to $190,000 and the Clerk of Court is directed to enter final judgment against iStar in that amount; and it is further

**ORDERED** that in accordance with Thomas's representation expressed in the Joint Submission, that he would accept reduction of the amount of compensatory damages for front pay awarded to him by the jury in this action if the Court reduced the punitive damages award without the option of a new trial, the Clerk of Court is directed to enter final judgment against iStar and Baron jointly and severally in an amount of $85,950; and it is further

**ORDERED** that the Clerk of Court is directed to enter final judgment against iStar and Baron jointly and severally in an amount of $3,500 as compensatory damages for non-economic injury, and it is finally

**ORDERED** that the Clerk of Court is directed to enter final judgment of $22,500 against Baron as punitive damages.

The Clerk of Court is directed to close this case, subject to being reopened in the event an application for attorneys fees is filed.

**SO ORDERED.**