**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RICHARD MOONEY,

*Plaintiff – Appellee / Cross-Appellant*,

v.

ROLLER BEARING COMPANY OF AMERICA INC, a Delaware corporation,

*Defendant – Appellant / Cross-Appellee*.

Nos. 23-3552
23-3683

D.C. No.
2:20-cv-01030-LK

OPINION

Appeal from the United States District Court
for the Western District of Washington
Lauren J. King, District Judge, Presiding

Argued and Submitted February 14, 2025
Seattle, Washington

Filed June 5, 2025

Before: William A. Fletcher, Ronald M. Gould, and
Jacqueline H. Nguyen, Circuit Judges.

# SUMMARY[*]

## Prejudgment Interest

The panel affirmed the district court's application of a fluctuating federal rate in calculating prejudgment interest in a case in which Richard Mooney, who prevailed at trial on his claims under the federal Family and Medical Leave Act and the Washington Family and Medical Leave Act, received an award of compensatory damages against his former employer Roller Bearing Company of America (RBC).

The panel held that when a judgment is based on both state and federal claims, without any distinction between the claims, the district court has discretion to select a proper prejudgment interest rate. Here, the district court properly exercised its discretion in applying a fluctuating federal rate, as it found that rate was the most accurate way to compensate Mooney for the lost use of his wages between his first lost paycheck and the jury's verdict. Further, while Mooney chose to file in state court, he did not contest RBC's removal to federal court. More significantly, the district court found that Mooney asserted—and prevailed on—a federal claim that largely guided Mooney's litigation strategy.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Mark B. Middaugh (argued), Middaugh Law PLLC, Seattle, Washington; Patrick J. Kang, Premier Law Group PLLC, Bellevue, Washington; for Plaintiff-Appellee.

John J. White Jr. (argued) and Kevin B. Hansen, Peterson Russell Kelly Livengood PLLC, Bellevue, Washington; Blake Marks-Dias and Taryn M. Basauri, Corr Cronin LLP, Seattle, Washington; for Defendant-Appellant.

## OPINION

PER CURIAM:

Following a jury trial, Plaintiff Richard Mooney ("Mooney") received an award of compensatory damages for his state and federal claims, without any distinction between the claims. The district court, which had both federal question and diversity jurisdiction, calculated prejudgment interest based on a fluctuating federal rate. Mooney appeals, arguing that the higher state rate should have applied. We hold that when, as here, the judgment is based equally on federal and state claims, the district court has discretion to decide which rate applies. Because the district court did not err in applying the federal rate, we affirm.

## I.

Mooney sued his former employer, Defendant Roller Bearing Company of America ("RBC"), alleging violations

of the Family and Medical Leave Act ("FMLA") and the Washington Family and Medical Leave Act ("WFMLA").[1]

Mooney's lawsuit arose out of his termination, which he claimed was due to his age, depression, and his decision to take leave under the FMLA. RBC contended that Mooney's termination was due to a reduction in force in response to the COVID-19 pandemic. On June 3, 2020, Mooney filed suit in King County Superior Court. On July 1, 2022, RBC filed an uncontested motion to remove the case to federal court under both federal question and diversity jurisdiction.

At trial, the jury was provided with nearly identical instructions for both the FMLA and WFMLA claims, and the verdict form combined both claims without distinction.[2] The jury found RBC liable for these claims and awarded Mooney $160,000 in damages. The parties disputed which rate should apply to the calculation of prejudgment interest. The district court concluded that it had discretion to select the appropriate rate and chose to apply a fluctuating federal rate. Both parties appeal.[3]

---

[1] The complaint alleged other claims that the jury rejected.

[2] The verdict form asked the jury whether Mooney "proved by preponderance of the evidence that him extending his medical leave under WFMLA and/or FMLA was a negative factor in RBC's decision to lay him off?"

[3] RBC appeals the district court's denial of its motion for a new trial. Mooney cross-appeals, challenging the application of the federal rate to any awarded prejudgment interest and the district court's decision to reduce his attorneys' fees. This opinion addresses only Mooney's challenge to the prejudgment interest rate. We address the remaining issues in a concurrently filed memorandum disposition.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We "review de novo whether state or federal law applies to determine the amount and availability of prejudgment interest." *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 949, 954 (9th Cir. 2008).

## III.

## A.

When a judgment is based on federal claims, the federal rate generally applies to an award of prejudgment interest. *See id.* at 961 ("[F]ederal law may apply to the calculation of prejudgment interest when a substantive claim derives from federal law alone."). When a party prevails only on state claims, the state interest rate generally applies. *See, e.g.*, *In re Exxon Valdez*, 484 F.3d 1098, 1102 (9th Cir. 2007) (reversing a district court's application of the federal rate to prejudgment interest as the plaintiff's "substantive claim arose under Alaska state law only," so his "claim for prejudgment interest arises out of, and must be analyzed under, state law as well").

We have not, however, addressed which rate should apply when the judgment is based on both state and federal claims without any distinction between them. In this scenario, district courts in our circuit have adopted different approaches. Some district courts have "blended" or averaged state and federal rates. *See, e.g.*, *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1095–96 (E.D. Cal. 2011) (averaging rates "[t]o properly compensate Plaintiff and to account for the possibility that the jury returned a verdict supported only by [federal] or [state law]"). Others have applied federal law. *See, e.g.*, *Arnold v. Pfizer Inc.*, No. 10-

CV-01025, 2015 WL 1262775, at *3 (D. Or. Mar. 18, 2015) ("[I]n the absence of substantial evidence demonstrating that a rate other than 28 U.S.C. § 1961 should apply, the court awards prejudgment interest at the federal rate."); *Erhart v. BofI Holding, Inc.*, No. 15-CV-02287, 2023 WL 6382479, at *6 (S.D. Cal. Sept. 28, 2023).[4]

## B.

As a general matter, "[i]n the absence of a controlling statute, the choice of a rate at which to set the amount of prejudgment interest is also within the discretion of a federal court." *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 710 (11th Cir. 2005); *see also In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 497 (6th Cir. 2013) ("[T]he method for calculating prejudgment interest remains in the discretion of the district courts."). We see no reason to depart from this general rule. We therefore hold that when a judgment is based equally on both state and federal claims, the district court has discretion to select a proper prejudgment interest rate.

Prejudgment interest is designed to provide fair compensation to a prevailing party. *See, e.g.*, *W. Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1289

---

[4] Two of our sister circuits have addressed this question, albeit with little or no analysis. In the First Circuit, "a plaintiff is entitled to select the body of law under which the damages will be paid" when the "claims under federal and state law . . . are identical" and the verdict is "not segregated into separate federal and state components." *Doty v. Sewall*, 908 F.2d 1053, 1063 (1st Cir. 1990); *see also Foley v. City of Lowell, Mass.*, 948 F.2d 10, 17 (1st Cir. 1991). In the Second Circuit, however, "judgments that are based on both state and federal law with respect to which no distinction is drawn shall have applicable interest calculated at the federal interest rate." *Thomas v. iStar Financial, Inc.*, 629 F.3d 276, 280 (2d Cir. 2010).

(9th Cir. 1984) (fixing "the rate for pre-judgment interest" to the "measure of interest rates prescribed for post-judgment interest in 28 U.S.C. § 1961(a) . . . *unless* the trial judge finds, on substantial evidence, that the equities of the particular case require a different rate." (emphasis added)); *see also Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001) ("Prejudgment interest is an element of compensation, not a penalty."). This determination is necessarily fact-intensive, and the district court may base its decision on, among other relevant considerations, the nature of the case, the plaintiff's choice of forum, whether the plaintiff primarily relied on federal or state law for their substantive claims, and the impact of the rate on the award. *See, e.g.*, *Arnold*, 2015 WL 1262775, at *3 (reasoning that a higher state rate could be justified if a plaintiff's claims "c[a]me to [federal] court by removal from state court or because there is diversity of citizenship between the parties").

Here, the district court properly exercised its discretion in applying a fluctuating federal rate, as it found that rate was the "most accurate way to compensate Mooney for the lost use of his wages between his first lost paycheck and the jury's verdict." *Mooney v. Roller Bearing Co. of Am., Inc.*, No. 20-CV-01030, 2023 WL 6979640, at *5 (W.D. Wash. Oct. 23, 2023).[5] Further, while Mooney chose to file in state court, he did not contest RBC's removal to federal court. More significantly, the district court found that Mooney "asserted—and prevailed on—a federal claim" that largely guided Mooney's litigation strategy. *Id.* For instance, Mooney primarily cited federal caselaw to support his

---

[5] Mooney's expert, while calculating the prejudgment interest at the state rate, also applied a fluctuating rate. *Mooney*, 2023 WL 6979640, at *5.

WFMLA argument in his trial brief and to support his WFMLA jury instruction, which is nearly identical to his FMLA jury instruction. *Id.* Mooney also collapsed the state and federal claims together. He proposed the verdict form's language, adopted by the district court, which did not differentiate between his WFMLA and FMLA claims.

**AFFIRMED.**