25-1561
*In Re: Julia F. Soussis*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-six.

Present:
>  DEBRA ANN LIVINGSTON,
>        *Chief Judge*,
>  ROBERT D. SACK,
>  SUSAN L. CARNEY,
>        *Circuit Judges*.

_____

IN RE: JULIA F. SOUSSIS,

>        *Debtor*.

_____

JULIA F. SOUSSIS,

>        *Debtor-Appellant*,

>        v.                                                     25-1561

MICHAEL J. MACCO, CHAPTER 13 TRUSTEE, UNITED
STATES TRUSTEE,
>        *Trustees-Appellees*.

_____

| | |
|---|---|
| For Debtor-Appellant Julia F. Soussis: | Jeffrey L. Herzberg, Jeffrey Herzberg, PC, Hauppauge, NY. |

| For Trustee-Appellee Michael J. Macco, Chapter 13 Trustee: | Peter Corey (Michael J. Macco, *pro se*, on the brief), Macco Law Group, LLP, Islandia, NY. |
|---|---|
| For Trustee-Appellee United States Trustee: | Wendy L. Cox, Trial Attorney, Executive Office for United States Trustees, Department of Justice, Washington, DC (Lisa A. Tracy, Deputy General Counsel, Beth A. Levene, Associate General Counsel, Executive Office for United States Trustees, Department of Justice, Washington, DC; Christine H. Black, Assistant United States Trustee, Office of the United States Trustee, Department of Justice, Central Islip, NY, on the brief), *for* William K. Harrington, United States Trustee for Region 2, Central Islip, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and the case is **REMANDED** for further proceedings.

Debtor-Appellant Julia F. Soussis ("Soussis") appeals from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*), eliminating an award of prejudgment interest.[1]    On May 9, 2025, the panel in Soussis's previous appeal before this Court

---

[1]  In its June 11, 2025 order denying Soussis's request for prejudgment interest, the district court instructed the Clerk of the Court "to enter judgment . . . and to close this case."    Order Denying Appellant's Request for an Award of Interest, *Soussis v. Macco et al*, No. 20-cv-5673 (E.D.N.Y. June 11, 2025).    The district court, however, never issued a separate document containing the judgment.    Assuming such a document was necessary pursuant to Fed. R. Civ. P. 58(a), "[w]here no separate document has been filed, we consider judgments [to have been] entered after '150 days have run from the entry in the civil docket' of the order at issue."    *Xeriant, Inc. v. Auctus Fund LLC*, 141 F.4th 405, 410 n.5 (2d Cir.), *cert. dismissed*, 146 S. Ct. 403 (2025) (quoting Fed. R. Civ. P. 58(c)(2)(B)); *see also* Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as

2

held "that if a Chapter 13 plan is not confirmed, the trustee must return to the debtor all of the sums collected, including the percentage fee, subject only to limitations set out in Section 1326(a)(2)." *In re Soussis*, 136 F.4th 415, 442–43 (2d Cir. 2025). Accordingly, the panel concluded that Michael Macco ("Macco"), a Chapter 13 standing trustee in the Eastern District of New York, had improperly deducted a percentage fee of $20, 592 from the pre-confirmation plan payments returned to Soussis. The panel remanded and instructed the district court to enter judgment granting Soussis's original disgorgement motion.

After the district court entered judgment, Soussis requested the court amend the judgment to include costs and prejudgment interest. The district court initially amended the judgment to include Soussis's $3.587.53 in requested costs and $2,515.17 in prejudgment interest. Following motions from Macco and the United States Trustee, however, the district court again amended the judgment twice, first deducting $540 in paralegal costs and then eliminating the interest award as barred by sovereign immunity. On appeal, Soussis argues the district court erred in its reduction of the costs award and denial of prejudgment interest. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to **AFFIRM** in part, **VACATE** in part, and **REMAND**.

\* \* \*

We agree with Soussis that the district court erred in concluding sovereign immunity barred an award of prejudgment interest. "The decision whether to grant prejudgment interest and the

___

filed on the date of and after the entry."); Fed. R. App. P. 4(a)(7)(B) ("A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order.").

rate used if such interest is granted 'are matters confided to the district court's broad discretion, and will not be overturned on appeal absent an abuse of that discretion.'" *Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc.*, 67 F.3d 1063, 1071–72 (2d Cir. 1995) (quoting *Commercial Union Assurance Co. v. Milken*, 17 F.3d 608, 613–14 (2d Cir. 1994)). "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision— though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001).

Here, the district court's decision rested on an error of law because it assumed sovereign immunity barred an award of interest against both the United States Trustee and Macco. "As sovereign, the United States, in the absence of its consent, is immune from suit." *Library of Congress v. Shaw*, 478 U.S. 310, 315 (1986). As a corollary to this principle, the Supreme Court has explained "that interest cannot be recovered in a suit against the Government in the absence of an express waiver of sovereign immunity from an award of interest." *Id.* at 311.

The district court correctly recognized that sovereign immunity barred an award of interest against the United States Trustee. "[W]hile an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). The United States Trustee is an officer of the United States. *See In re Soussis*, 136 F.4th at 422 ("U.S. Trustees are appointed by the U.S. Attorney General to five-year terms. Each U.S. Trustee is charged with administering the federal bankruptcy system in one of twenty-one defined regions in the United States and its

territories." (citing 28 U.S.C. § 581)); *Bell v. Thornburg*, 743 F.3d 84, 88 (5th Cir. 2014) (noting "the U.S. Trustee is an officer of the Department of Justice, not of the court."). Sovereign immunity thus barred recovery of interest against the United States Trustee. *See Balser v. Dep't of Just., Off. of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) ("In sum, the district court properly construed the Balsers' action against 'The Department of Justice, Office of United States Trustee' as one against the United States. As such, the doctrine of sovereign immunity would apply unless waived by the United States.").

In contrast to the United States Trustee, however, a bankruptcy trustee in a particular case, like Macco, "is the representative of the estate" and "has capacity to sue and be sued." 11 U.S.C. § 323; *see also Cal. State Bd. of Equalization v. Sierra Summit, Inc.*, 490 U.S. 844, 849 (1989) ("Nor is the bankruptcy trustee so closely connected to the Federal Government that the two 'cannot realistically be viewed as separate entities.'" (citation omitted)). In other words, at least when acting as trustee of a particular estate, a standing trustee is *not* an officer of the United States and is not entitled to sovereign immunity.

We thus must vacate and remand for the district court to exercise its discretion with respect to a prejudgment interest award against the standing trustee. Soussis requests, however, that this Court *reverse* the judgment below and instruct the district court to award prejudgment interest. But we decline to do so.[2] Awards of prejudgment interest "should be a function of (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv)

---

[2] Soussis also argues that this Court should apply New York's statutory prejudgment interest rate of 9%. While we leave the determination of the appropriate interest rate to the district court on remand, we note that, in a federal question case, prejudgment interest is a question of federal law. *See Thomas v. iStar Fin., Inc.*, 629 F.3d 276, 280 (2d Cir. 2010).

such other general principles as are deemed relevant by the court." *Wickham Contracting Co. v. Loc. Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, 955 F.2d 831, 833–34 (2d Cir. 1992). We have noted that "[t]he relative equities may make prejudgment interest inappropriate when the defendant acted innocently and had no reason to know of the wrongfulness of his actions; when there is a good faith dispute between the parties as to the existence of any liability; or when the plaintiff himself is responsible for the delay in recovery." *Id.* at 834 (citations omitted). The district court is best situated to address these considerations in the first instance.

With respect to costs, we affirm the district court's judgment.[3] On appeal, Soussis has made no argument as to why the district court erred in determining costs incurred for paralegal time do not qualify for reimbursement. Instead, Soussis claims "the District Court failed to award any part of the reimbursement of the costs set forth in the itemized bill of costs." Reply Br. 13. That contention is plainly meritless: the district court did award Soussis most of the costs she requested. To the extent Soussis intends to challenge the district court's determination regarding paralegal costs, "[i]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 107 (2d Cir. 2012) (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001)) (alterations accepted). Soussis has thus waived any challenge regarding the paralegal costs.

\*     \*     \*

---

[3] Though Soussis did not reference the district court's May 30, 2025 order reducing the costs award in her notice of appeal, Fed. R. App. P. 3(c)(4) provides that "[t]he notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order. It is not necessary to designate those orders in the notice of appeal." Thus, Soussis's challenge to the district court's order on costs is properly before us.

Accordingly, we **AFFIRM** in part, **VACATE** in part, and **REMAND** the case for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk